UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

**FILED**
FEB 08 2017

CLERK

| | |
|---|---|
| ROXANNE SPOTTED HORSE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:17-CV-01003-CBK<br>1:13-CR-10010-CBK<br><br>ORDER DENYING MOTION TO VACATE<br>AND<br>ORDER DENYING<br>CERTIFICATE OF APPEALABILITY |

Defendant pleaded guilty to assault with a dangerous weapon and was sentenced October 7, 2013, to 12 months and one day custody. She did not appeal her conviction or sentence. She was released to supervision on January 15, 2014. She admitted to violating the terms of supervised release and her supervised release was revoked on July 28, 2014. She was sentenced to 12 months custody. She was released to supervision March 20, 2015. She again admitted to violating the terms of supervised release and her supervised release was revoked a second time on August 15, 2016. She was sentenced to 24 months custody. She filed a notice of appeal and her appeal is still pending before the United States Court of Appeals for the Eighth Circuit.

Petitioner submitted a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Petitioner challenges her August 15, 2016, sentence, contending that she is entitled to relief based upon Amendment 794 to the United States Sentencing Guidelines. Amendment 794 was adopted by the United States Sentencing Commission effective November 15, 2015, to clarify the application of Guideline § 3B1.2, the mitigating role reduction.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner appealed the very sentence she is challenging and that appeal is still pending. This Court has no jurisdiction to consider any attack of her August 15, 2016, revocation sentence while this case is on appeal.

Petitioner claims that her sentence should be modified based upon a retroactive amendment to the sentencing guidelines. Notwithstanding the fact that her case is currently on appeal, petitioner would not be entitled to relief. Pursuant to Chapter Seven of the sentencing guidelines, the sentencing range of imprisonment in revocation sentences is calculated based

upon the classification of the violation (Grade A, B, or C) and the offender's criminal history category. The Chapter Three provisions are not applicable.

Based upon the foregoing,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 challenging the failure to award a reduction for a minor participant.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis supplied). Petitioner did not and has not made a substantial showing that jurists of reason would find it debatable whether the petition was correctly dismissed.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 7th day of February, 2017.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge